IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LUCIO SAGUILAN,                         )
                                        )
                Plaintiff,              )
                                        )
        v.                              )       1:07CV29
                                        )
JOHN T. BULLOCK, Superintendant         )
IV, MS. RUSSELL, Trust F                )
Coordinator, LT. SCARBOROUGH, Lt.       )
Correction Officer,                     )
                                        )
                Defendants.             )

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court for a recommended ruling on Defendants' Motion for Summary Judgment (Docket Entry 20). (See Docket Entry dated Jan. 7, 2010; see also Fed. R. Civ. P. 72(b)(1).) For the reasons that follow, Defendants' summary judgment motion should be granted.

### BACKGROUND

This case began when Plaintiff filed a form Complaint pursuant to 42 U.S.C. § 1983, on January 8, 2007. (Docket Entry 2.) According to the Complaint, at the time of its filing, Defendants (and another individual who previously was dismissed as a defendant in this case due to Plaintiff's failure to effect service upon her (see Docket Entry 18)) worked at Hoke Correctional Institution, a North Carolina state prison, where Plaintiff was incarcerated. (Docket Entry 2 at 2-3.) The Complaint alleged that Defendants were violating Plaintiff's rights by failing to process his requests to transfer funds from his inmate trust account to certain of his family members (for payment of various bills and/or

expenses). (See id. at 3-4.) Under the caption "RELIEF REQUESTED BY PRISONER" and after the instruction to "[s]tate briefly what you want the Court to do for you," Plaintiff stated only the following:

> To be able to withdraw my funds with the adequate forms that have been requested from the Dept of Correction (itemized bill) in a timely manner so that bills will not be overlapped into each other, so that payments will not be declared delinquent.

(Id. at 4.)[1]

On April 9, 2008, mail directed to Plaintiff at the address at Hoke Correctional Institution he had provided to the Court was returned as undeliverable "because **INMATE RELEASED**." (Docket Entry dated Apr. 9, 2010 (emphasis in original).) The Clerk's Office thereafter telephonically verified with officials at Hoke Correctional Institution that Plaintiff "was released on Federal Detainer to I.C.E. [Immigration and Customs Enforcement]." (Docket Entry dated Apr. 21, 2008.) At no time, did Plaintiff provide notice of any new address to the Court. (See Docket Entries dated Jan. 8, 2007, to present.)

On October 10, 2008, Defendants filed the instant summary judgment motion and argued, inter alia, that "[b]ecause Plaintiffs [sic] has been released from [the North Carolina Department of Correction's] custody, he cannot obtain injunctive or declaratory relief" and, as a result, his claims "are moot." (Docket Entry 21 at 7.) In support of that argument, Defendants pointed to contemporaneously-provided evidence confirming that Plaintiff "was

---

[1] For ease of reading, the Court has utilized standard capitalization conventions in quoting Plaintiff's words.

released from [the North Carolina Department of Correction's] custody to ICE on 25 February 2008." (Id. at 4 (citing id. at Attach. 1, Exs. A & B).) Defendants served the instant summary judgment motion and supporting brief by mail directed to the address Plaintiff had listed with the Court (at Hoke Correctional Institution) and at the federal detention center address that reflected their last known address for him. (Docket Entry 20 at 2; Docket Entry 21 at 9.) Plaintiff did not file any response. (See Docket Entries dated Oct. 10, 2008, through present.)

DISCUSSION

Because Plaintiff "fail[ed] to file a response [to Defendants' summary judgment motion] within the time required by [this Court's Local Rules], the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." M.D.N.C. R. 7.3(k); see also Kinetic Concepts, Inc. v. ConvaTec Inc., No. 1:08CV918, 2010 WL 1667285, at *6-8 (M.D.N.C. Apr. 23, 2010) (unpublished) (analyzing this Court's Local Rules 7.3(f), 7.2(a), and 7.3(k) and discussing authority supporting proposition that failure to respond to argument amounts to concession).[2] The possibility that Plaintiff failed to receive Defendants' instant motion does not affect the propriety of the

---

[2] Plaintiff's status as a pro se litigant does not excuse his inaction. "As the United States Supreme Court observed in McNeil v. United States, 508 U.S. 106, 113 (1993), '[the Supreme Court] ha[s] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.' Accordingly, pro se litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." Hewitt v. Hutchins, 309 F. Supp. 2d 743, 748-49 (M.D.N.C. 2004) (internal parallel citations and second set of internal quotation marks omitted).

Court summarily granting summary judgment based on Plaintiff's failure to respond: "One who does not keep the Court advised of his current address should not thereby be able to foreclose an opposing party from taking full advantage of the procedures which [the] Rules allow, for example as here, obtaining rulings on motions . . . for summary judgment." Irabor v. O'Neel, No. A3-97-60, 1998 WL 1780650, at *1 (D.N.D. Mar. 10, 1998) (unpublished) (internal citation omitted).[3]

Alternatively, Defendants are entitled to summary judgment on grounds of mootness due to Plaintiff's release from state custody, given that the Complaint seeks only injunctive and/or declaratory relief. See Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."); Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) ("Mootness questions often arise in cases involving inmate challenges to prison policies or conditions, and courts, including our own, have held that the transfer of an inmate from a unit or location where he is subject

---

[3] Indeed, Plaintiff's conduct of this litigation, including his failure to keep his address up to date with the Court arguably constitutes further grounds to enter judgment against him. See, e.g., Woltz v. Chater, No. 95-2539, 1996 WL 23314, at *1 (4th Cir. Jan. 11, 1996) (unpublished; decision without opinion, 74 F.3d 1235) (affirming "district court's order dismissing [plaintiff's] case for want of prosecution and for failing to keep the court informed of his change of address"); Hibbert v. Apfel, No. 99CIV4246(SAS), 2000 WL 977683, at *2 (S.D.N.Y. Oct. 23, 2007) (unpublished) ("It is also plaintiff's obligation to inform this Court's Pro Se Office of any change of address. . . . Even though plaintiff did not receive this Court's Order [because it was returned undelivered], defendant may nonetheless prevail on its motion to dismiss for failure to prosecute.").

to the challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief . . . ."); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (ruling that plaintiff's transfer to another prison "has rendered moot [his] claims for injunctive and declaratory relief, since he is unlikely to return to [his prior prison, the condition of which he challenged]"); Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) ("Because the prisoner has been transferred [from the facility about which he complained], his request for injunctive relief is moot."); Clay v. Miller, 626 F.2d 345, 347 (4th Cir. 1980) ("Plaintiff Clay's prayer for injunctive relief [regarding the conditions of his confinement] is moot because he has served his sentence and was released . . . .").[4]

---

[4] "The reasons for finding mootness in such a context are clear. Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice . . ., he no longer has a legally cognizable interest in a judicial decision on the merits of his claim. Any declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted. And the newly situated inmate has no further need for such declaratory or injunctive relief, for he is free of the policy or practice that provoked his lawsuit in the first place." Incumaa, 507 F.3d at 287. Nor, given that Plaintiff was released from state custody, does the narrow exception to the mootness doctrine represent a possible bar to summary judgment in this case. See Slade v. Hampton Rds. Reg'l Jail, 407 F.3d 243, 249 (4th Cir. 2005) (observing that United States Supreme Court has "rejected the possible risk of future apprehension and conviction as meeting the 'capable of repetition' prong [of the 'capable of repetition, yet evading review' exception to the mootness doctrine] . . . [because it was] 'unable to conclude that the case-or-controversy requirement is satisfied by general assertions or inferences that in the course of their activities respondents will be prosecuted for violating valid criminal laws . . . [and instead] assume[d] that respondents will conduct their activities within the law'" (quoting Spencer v. Kemna, 523 U.S. 1, 15 (1998))).

CONCLUSION

Plaintiff's failure to respond to Defendants' instant motion warrants entry of summary judgment as a matter of course under this Court's Local Rules. Alternatively, the record evidence establishing Plaintiff's release from state custody makes his claims (which consist only of requests for injunctive and/or declaratory relief) moot; thus, "[s]ummary judgment is appropriate [because] . . . 'the moving party is entitled to a judgment as a matter of law.'" Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008) (quoting Fed. R. Civ. P. 56(c)).

**IT IS THEREFORE RECOMMENDED** that Defendants' Motion for Summary Judgment (Docket Entry 20) be **GRANTED** and that this action be **DISMISSED**.

                                    /s/ L. Patrick Auld
                                    **L. Patrick Auld**
                            **United States Magistrate Judge**

August 16, 2010